The **WASHINGTON POST COM-
PANY** et al.

v.

**Richard G. KLEINDIENST, Acting Attor-
ney General of the United
States, et al., Appellants.**

No. 72-1362.

United States Court of Appeals,
District of Columbia Circuit.

Argued June 30, 1972.

Decided Sept. 6, 1972.

Leonard Schaitman, Atty., Dept. of
Justice, with whom Harold H. Titus, Jr.,
U. S. Atty., and Morton Hollander, Atty.,
Dept. of Justice, were on the brief, for
appellees. John A. Terry, Joseph M.
Hannon, Michael A. Katz, and Robert D.
Zsalman, U. S. Attys., also entered ap-
pearances for appellants.

Joseph A. Califano, Jr., Washington,
D. C., with whom Charles H. Wilson, Jr.
and Richard M. Cooper, Washington, D.
C., were on the brief, for appellees.

Melvin L. Wulf, New York City, and
Hope Eastman, Washington, D. C., filed
a brief on behalf of Tom Wicker and oth-
ers as amici curiae urging affirmance.

Before McGOWAN, LEVENTHAL
and ROBINSON, Circuit Judges.

ORDER

PER CURIAM.

This case came on for hearing on an
appeal from a ruling by the District
Court, reflected in a memorandum opin-
ion dated April 9, 1972, 357 F.Supp. 770,
that the policy of the Federal Bureau
of Prisons in denying all requests by
the press to interview designated pris-
oners violated the First Amendment.
The Court directed the Bureau to mod-
ify its rules within 30 days to permit
such interviews under terms and condi-
tions appropriately reflective of admin-
istrative and disciplinary considerations.
That decision is presently subject to a
stay by the Supreme Court, issued May
13, 1972, pending appeal in this court.

At the oral argument, the Government
pressed upon us a supervening decision
by the Supreme Court in Branzburg v.
Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33
L.Ed.2d 626, decided June 29, 1972, as
representing a significant limitation by
the Supreme Court of the reach of the
First Amendment in relation both to the
precise issue immediately involved in the
three cases then decided, and to the gen-
eral area of press guarantees. *Branz-
burg*, unlike the case before us, com-
pelled revelation by reporters to grand
juries of information gathered by them,
but the First Amendment claim rested
heavily upon the assertion that access to
information would be restricted if such
compulsion was exerted. One of the cas-

es heard by the Supreme Court with *Branzburg* and reversed by it, Caldwell v. United States, 434 F.2d 1081 (9th Cir. 1970), was cited by the District Court as relevant to the scope of press access.

Since the case before us deals with the scope of First Amendment rights to access, *Branzburg* supplies a new element to be considered in the decisional process which was not in existence at the time the record was made and the conflicting claims resolved in the District Court. It seems obvious that considerations of sound judicial administration suggest that any record for future appellate consideration be made in awareness of it, if that is feasible under the circumstances, as it is here.

Accordingly, we have concluded, while retaining jurisdiction of this appeal, to remand the record for such further consideration as the District Court may wish to give the case in the light of *Branzburg* and, in any event, for specific findings (which may follow upon further evidentiary proceedings) with respect to the following:

1. The extent to which the accurate and effective reporting of news has a critical dependence upon the opportunity for private personal interviews.

2. The extent to which the so-called "big wheel" justification has any tangible footing in a significantly wide spectrum of experience in prison administration.

3. The factual foundations for any other asserted justifications for blanket prohibition of private personal interviews.

4. Whether there may be a valid basis for a ban, in the interest of avoiding impairment of good order, as to a particular prisoner or prisoners, even in the absence of a prior history of unruliness or disruptiveness.

5. Whether it is unfeasible to pursue a flexible approach to the allowance of private personal interviews, with appropriate scope for the judgment of the responsible prison officials and their consideration of administrative convenience or necessity.

6. Any other matters which, in the view of the District Court, by reference to *Branzburg* or otherwise, would further refine and illuminate the competing claims and assertions made by the parties so that ultimate resolution of the news access right under the First Amendment claimed in this instance may be as informed as possible.

By reason of the foregoing, it is hereby

Ordered that the record in this case is remanded to the District Court for the purposes hereinabove stated and, upon the conclusion of proceedings held hereunder, shall as supplemented be returned to this court for further consideration of the pending appeal.